UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: Denise H. Fuleihan,            )<br>                                                     )<br>                    Debtor.            )<br>                                                     )<br>─────────────────────────)<br>                                                     )<br>Denise H. Fuleihan,                  )<br>                                                     )<br>                    Appellant,        )<br>        vs.                                        )<br>                                                     )<br>U.S. Bank; *et al.*,                     )<br>                                                     )<br>                    Appellees.        )<br>─────────────────────────) | Case No.: 2:14-cv-2061-GMN<br><br>**ORDER** |

Pending before the Court is the Motion to Stay Pending Appeal filed by *pro se* Appellant Denise H. Fuleihan. (ECF No. 5).[1] Appellee U.S. Bank filed a Response, (ECF No. 10), to which Appellant replied, (ECF No. 12).

Also before the Court is Appellant's Emergency Supplemental Motion to Stay Pending Appeal, (ECF No. 20). U.S. Bank filed a Response, (ECF No. 21), to which Appellant replied, (ECF No. 22). For the reasons stated herein, the Court will deny the instant Motions.

**I.    BACKGROUND**

The instant appeal centers upon Appellant's arguments that an order granting U.S. Bank relief from an automatic bankruptcy stay was issued in error.

Appellant has a long and litigious history in this Court as well as the United States Bankruptcy Court for the District of Nevada and the Ninth Circuit Court of Appeals, having

---

[1] In light of Appellant's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1  filed two lawsuits involving claims of defects in loan instruments and three bankruptcies in the
2  last six years. *Fuleihan v. Wells Fargo Bank, NA,* 476 F. App'x 687 (9th Cir. 2012); *In re*
3  *Fuleihan*, BKS-09-25738-BAM (Bankr. D. Nev. April 28, 2011); *In re Fuleihan*, BKS-11-
4  17331-BAM (Bankr. D. Nev. Jan. 31, 2012); *Fuleihan v. Wells Fargo Bank, N.A.*, No. 2:13-
5  CV-1145-JCM-NJK, 2013 WL 6409888 (D. Nev. Dec. 6, 2013).  However, for the purposes of
6  the instant Order, the Court will discuss only the facts relevant to the instant Motions.
7       Appellant is the owner of a parcel of real property located at 209 Royal Aberdeen Way,
8  Las Vegas, Nevada 89144, APN 137-36-514-054 ("the Property"). *Fuleihan v. Wells Fargo*
9  *Bank*, N.A., No. 2:13-CV-1145-JCM-NJK, 2013 WL 6409888, at *1 (D. Nev. Dec. 6, 2013).
10 Though she initially purchased the Property in March 2001, Appellant refinanced the property
11 through a loan from Fremont Investment and Loan ("Fremont") for approximately $800,000.00
12 in 2006. *Id.*  This loan was secured by a deed of trust. *Id.*  Fremont subsequently transferred its
13 interest in the loan to Appellees. *Fuleihan v. Wells Fargo*, No. 2:09-CV-1877-RCJ-PAL, 2010
14 WL 3724186, at *1-2 (D. Nev. Sept. 15, 2010) *aff'd sub nom. Fuleihan v. Wells Fargo Bank,*
15 *NA*, 476 F. App'x 687 (9th Cir. 2012).  At some point following the refinancing, Appellant
16 became delinquent in her mortgage payments, and on May 14, 2009, a Notice of Default and
17 Election to Sell ("Notice of Default") was filed with the Clark County Recorder's Office. *Id.* at
18 *1.  However, due to the aforementioned legal actions filed by Appellant, U.S. Bank has been
19 unable to foreclose upon the property since the Notice of Default was recorded.
20      Appellant filed the instant Petition for Chapter 13 Bankruptcy Relief on April 7, 2014, in
21 the United States Bankruptcy Court for the District of Nevada.  On April 25, 2014, U.S. Bank
22 filed a Motion for Relief from the Automatic Stay, requesting that the bankruptcy stay be lifted
23 in order to allow it to carry out a trustee's sale. (Rec. on Appeal pp. 2-14, ECF No. 13).  On
24 June 4, 2014, the Bankruptcy Court granted the Motion in part, lifting the automatic stay as to
25 U.S. Bank and directing it to re-record its Notice of Default upon the property. (Ex. 12 to Rec.

on Appeal pp. 1-2, ECF No. 13-12).  On June 24, 2014, U.S. Bank filed a Motion to Amend the June 4 Order, requesting that it not be required to re-record the Notice of Default. (Ex. 14 to Rec. on Appeal, ECF No. 13-14).  On October 29, 2014, the Bankruptcy Court granted U.S. Bank's Motion to Amend, and struck the requirement that U.S. Bank re-record its Notice of Default.

In this appeal, Appellant argues that the Bankruptcy Court's decision to lift the stay as to U.S. Bank and the subsequent decision not to require that the Notice of Default be re-recorded were made in error.  In the instant Motion, Appellant requests that the Court stay the Bankruptcy Court's October 29 Order pending the outcome of this appeal.

## II. DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8007(e), this Court may grant a stay of an order issued by the Bankruptcy Court pending appeal to protect the rights of parties in interest.[2]  In order to obtain a stay pending appeal, Appellant must demonstrate that: (1) she is likely to succeed on the merits of the appeal; (2) she will suffer irreparable injury; (3) no substantial harm will come to appellees if the stay is granted; and (4) the stay will do no harm to the public interest. *See, e.g.*, *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980) (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965)).

In this case, Appellant has failed to demonstrate a likelihood of success on the merits, and therefore the Court need not address the final three prongs of the *Wymer* test.  A bankruptcy court's decision to grant or deny relief from an automatic stay must be reviewed for abuse of discretion. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).  The Bankruptcy Court's decision to lift the stay as to U.S. Bank was based on 11 U.S.C. § 362(d)(1), which provides that a court must grant relief from an automatic bankruptcy stay if it

---

[2] Federal Rule of Bankruptcy Procedure 8007(e) was formerly codified within Federal Rule of Bankruptcy Procedure 8005 prior to December 1, 2014.

finds "a lack of adequate protection" for a creditor's property interest. In finding that U.S. Bank lacked adequate protection for its interest in the Property, the Bankruptcy Court cited three undisputed facts: (1) Appellant had been in default since 2009; (2) the value of U.S. Bank's interest exceeded the value of the property by approximately $328,000.00; and (3) U.S. Bank had not received payments or any other protection since Appellant filed her first action in 2009. (Bnkr. Ct. Order 7:7-11, ECF No. 13-19).

In striking the condition that U.S. Bank re-record its Notice of Default in order to obtain relief from the automatic stay, the Bankruptcy Court relied upon *IBM Lender Business Process Services, Inc. v. Sloane*, 2011 WL 6887723 (D. Nev. Dec. 29, 2011). In *Sloane*, Judge Roger Hunt found that it was an abuse of discretion for a bankruptcy court to issue relief from an automatic stay under the condition that a party re-record a notice of default. *Id.* Judge Hunt reasoned that requiring re-recording could delay a party's foreclosure proceedings or otherwise alter its legal rights, thereby defying the bankruptcy stay's underlying purpose of preserving the rights of all parties. *Id.*

In the instant case, Appellant does not dispute the factual conclusions or legal standards upon which the Bankruptcy Court relied. Instead, Appellant simply argues that *Sloane* is not binding authority while stating that she would prefer this dispute to be resolved through mediation. (Mot. pp. 7-9, ECF No. 5). However, neither of these assertions demonstrates that the Bankruptcy Court's Order constituted an abuse of discretion.

Appellant is correct that the Court is not bound to adhere to the holding of *Sloane*. *City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010) ("District court opinions are relevant for their persuasive authority but they do not bind other district courts within the same district."). Nevertheless, the Court finds *Sloane* to be well reasoned and adopts its holding in the instant case. In *Sloane*, Judge Hunt concluded that requiring re-recording as a condition for relief from a bankruptcy stay would alter the legal rights of parties rather than

preserve them. *Sloane*, 2011 WL 6887723.  Similarly, in this case, requiring U.S. Bank to re-record its notice of default would force it to start over in the foreclosure process rather than allowing it to resume the proceedings from where they left off when the instant bankruptcy was filed.  Therefore, the pre-bankruptcy legal relationship between the parties is best preserved by declining to require that U.S. Bank re-record its Notice of Default.  Thus, the Court finds that Appellant has failed to demonstrate that she is likely to succeed in showing that the Bankruptcy Court abused its discretion by declining to require that the Notice of Default be re-recorded.

Notably, Appellant offers no substantive arguments challenging the Bankruptcy Court's finding that U.S. Bank lacks adequate protection for its interest.  While Appellant might be correct that an agreeable outcome could be reached through mediation, such an assertion does not indicate that the Bankruptcy Court's ruling was an abuse of discretion.  Accordingly, the instant Motions will be denied.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Appellant's Motions to Stay Pending Appeal, (ECF Nos. 5, 20), are **DENIED.**

**DATED** this 6th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court